# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RUTH WITHERSPOON,<br>　　　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　　Agency. | DOCKET NUMBER<br>DE-0831-14-0104-I-1<br><br><br>DATE: February 26, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michelle Hodges, Simpsonville, South Carolina, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her Civil Service Retirement System (CSRS) survivor annuity claim as barred by res judicata and dismissed her remaining retirement claims for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In a prior appeal, the appellant challenged the Office of Personnel Management's (OPM) February 27, 2001 reconsideration decision denying her application for a survivor annuity. Initial Appeal File (IAF), Tab 23 at 4. After holding a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. *Id.* at 5, 11. The appellant filed a petition for review of the initial decision and the Board issued a Final Order denying her petition for review. *Id.* at 2. Subsequently, the appellant filed an appeal with the U.S. Court of Appeals for the Federal Circuit. *Id.* at 1. On November 7, 2002, the Federal Circuit issued a decision affirming the Board's decision and finding that the appellant was not entitled to a survivor annuity. *Id.* at 1-3.

¶3        OPM issued a letter to the appellant, dated June 18, 2010, indicating that she was eligible for survivor annuity payments. IAF, Tab 6 at 5. According to OPM, the annuity was granted in error and was terminated as of March 30, 2014. IAF, Tab 26 at 5. Further, OPM indicated that once this appeal is resolved, it

"will inform the appellant of the overpayment of erroneous former spouse survivor annuity she has been paid, extending reconsideration rights to her". *Id.* OPM stated that the overpayment exceeded $100,000. *Id.*

¶4　　　The appellant filed this appeal challenging OPM's 2001 reconsideration decision and alleging marital status discrimination, reprisal, harmful procedural error, and violation of due process. IAF, Tab 1 at 4-7. She later added claims that OPM failed to advise her that she could apply for health insurance and life insurance, IAF, Tab 11 at 2, Tab 13 at 5, and that OPM improperly canceled its 2010 award of survivor benefits, IAF, Tab 27 at 5. The administrative judge issued an order advising the appellant of her burden of proof regarding jurisdiction over a retirement appeal and noting that it appeared her claims had already been adjudicated. IAF, Tab 3 at 2-4. After the parties responded, the administrative judge issued an initial decision dismissing as barred by res judicata the claim regarding OPM's 2001 reconsideration decision, and dismissing for lack of jurisdiction the appellant's claims regarding OPM's 2014 decision to cancel an annuity and collect an overpayment. IAF, Tabs 6, 8-9, 11-13, 16, 21, 22, 26; IAF, Tab 45, Initial Decision (ID) at 2-3.[2] The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tabs 1-2. OPM has not responded to the petition for review.

<u>The appellant's claim regarding OPM's February 27, 2001 reconsideration decision is barred by res judicata</u>.

¶5　　　On petition for review, the appellant argues that she is entitled to a survivor annuity and provides a list of facts and allegations referring to events that occurred prior to the November 7, 2002 Federal Circuit decision. PFR File, Tab 1

---

[2] While her appeal was still pending below, the appellant filed a stay request arguing that the threatened revocation of a survivor annuity was in reprisal for protected disclosures. *Witherspoon v. Office of Personnel Management*, MSPB Docket No. DE-0831-0104-S-1, Stay File (SF), Tab 1. The administrative judge denied the stay request, finding that the appellant was unlikely to prevail on her claims. SF, Tab 6, Stay Decision.

at 2-3.   The administrative judge found that the claim arising out of OPM's February 27, 2001 reconsideration decision is barred by the doctrine of res judicata.  ID at 2-3.  We agree.

¶6      Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  The doctrine precludes the parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Id.*

¶7      In determining whether a prior judgment was rendered by a forum with competent jurisdiction under the doctrine of res judicata, the subsequent forum's scope of review is generally limited to ascertaining whether the issue of jurisdiction has been fully and fairly litigated and finally decided in the first forum.  *Id.* at 337 n.5.  In the instant case, the Board and the Federal Circuit found jurisdiction pursuant to 28 U.S.C. § 1295(a)(9), and thus the first element of the test for res judicata is met.  IAF, Tab 23 at 2.

¶8      The second and third elements are also met.  The appellant has provided no evidence that she has pursued any further appeals of the Federal Circuit decision.  Therefore, the Federal Circuit decision was a final judgment on the merits for res judicata purposes.  Like her prior case, the instant appeal involves the facts underlying her appeal of OPM's February 27, 2001 reconsideration decision.  The appellant's attempt to have her appeal heard again before the Board is a second action against the same agency based on the same set of facts giving rise to her right to seek relief from the denial of a survivor annuity by OPM.  Therefore, the claim arising out of the 2001 reconsideration decision is barred by res judicata.

¶9      The appellant's other claims of marital status discrimination, reprisal, harmful procedural error, and violation of due process could have been litigated

in the prior appeal, and therefore we decline to consider them for the first time here. *See Garduque v. Office of Personnel Management*, 84 M.S.P.R. 300, ¶ 2 (1999) (finding that parties were not permitted to return to the Board on the basis that they had developed a new theory of their cases).

The Board lacks jurisdiction over the appellant's claims regarding Federal Employee Health Benefit (FEHB) and federal life insurance.

¶10    The appellant argued below that she was entitled to an FEHB plan and federal life insurance as an annuitant. IAF, Tab 11, at 5. The administrative judge found that the Board lacks jurisdiction over these claims. ID at 3. We agree. Claims concerning federal employee life insurance and federal employee health insurance programs are generally beyond the Board's jurisdiction. *Chamblin v. Office of Personnel Management*, 112 M.S.P.R. 266, ¶ 7 (2009).

The Board lacks jurisdiction over the termination of annuity and overpayment claims.

¶11    On petition for review, the appellant argues that she should be allowed to appeal OPM's April 24, 2014 decision terminating its 2010 decision to award her a survivor annuity. PFR File, Tab 1 at 1. Further, she alleges that "OPM has not provided [her] with over $100,000." *Id.* There is no indication that OPM has issued an initial or reconsideration decision regarding the termination of the survivor annuity and the overpayment. The administrative judge found that the Board lacks jurisdiction over the termination of annuity and overpayment claims. ID at 3. We agree.

¶12    The Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a reconsideration decision on the matter. *McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 546 (1994), *aff'd sub nom. McLaughlin v. U.S. Postal Service*, 47 F.3d 1181 (Fed. Cir. 1995) (Table). In the instant case, the Board does not have jurisdiction over the termination of annuity and overpayment appeals because there is no evidence that OPM has issued a reconsideration decision on these issues.

¶13    It appears that the appellant mistakes OPM's response to her stay request in a related appeal to be a reconsideration decision. *See* PFR File, Tab 1 at 1-2, Tab 2 at 4-5. However, the response is not a reconsideration decision because it does not fully set forth the findings and conclusions on reconsideration and does not contain notice of appeal rights. *See* 5 C.F.R. § 831.109(f); *see also* IAF, Tab 26 at 5 (stating that OPM will issue a reconsideration decision on the appellant's alleged overpayment after the instant appeal is resolved).

The appellant's new evidence is not material to the dismissal of her appeal.

¶14    On petition for review, the appellant presents a marriage license, dated July 23, 1956; her deceased former spouse's report of military transfer/discharge, dated July 4, 1960; a final decree in divorce, dated August 21, 1975; a marriage license, dated December 13, 1976; and a divorce decree and permanent order, dated October 29, 1981. PFR File, Tab 2 at 9-17.

¶15    The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The documentation submitted by the appellant is not of such weight because it does not pertain to the dismissal of her claims as barred by res judicata and for lack of jurisdiction, and thus it is not material.[3] *See Arenal v. Office of*

---

[3] In addition to filing the petition for review, the appellant has filed numerous motions for permission to submit additional pleadings. PFR File, Tabs 4, 6, 11, 12, 14, 16, 17. The Board's regulations generally do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response. 5 C.F.R. § 1201.114(a)(5), (k). In her motions, the appellant requests to submit additional argument that her petition for review was timely filed, PFR File, Tabs 4, 17, requests to assert new or corrected legal arguments, PFR File, Tabs 4, 6, 11, 12, 14, 17, and seeks to submit new evidence related to the 2014 decision to terminate her survivor annuity, PFR File, Tabs 6, 11, 12, 14. We deny these motions. The petition for review was filed before the initial decision became final, and therefore we agree that it was timely, and we do not find that further argument on this issue is necessary. *See* ID at 4; PFR File, Tabs 1, 2. With regard to any new legal arguments concerning OPM's 2001 reconsideration decision, the appellant has not shown that these arguments are either material to the dismissal of

*Personnel Management*, [106 M.S.P.R. 272](link), ¶¶ 9-10 (2007) (the Board denied the appellant's petition for review finding that the new evidence was not material and the appellant's attempt to relitigate OPM's prior reconsideration decision was barred by the doctrine of res judicata), *aff'd*, 264 F. App'x. 891 (Fed. Cir. 2008).

¶16     On petition for review, the appellant requests that she "present all arguments and exhibits" from *Witherspoon v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0564-I-1 (0564). PFR File, Tab 21 at 2. In the 0564 appeal, the appellant is challenging OPM's May 29, 1998 reconsideration decision issued to her deceased former spouse. 0564 IAF, Tab 1. The administrative judge has not yet issued an initial decision in the 0564 appeal.

¶17     We decline to undertake a review of the record in the 0564 appeal. Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error. *Weaver v. Department of the Navy*, [2 M.S.P.R. 129](link), 133 (1980), *review denied*, [669 F.2d 613](link) (9th Cir. 1982) (per curiam). The appellant's request does neither.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

this claim as barred by res judicata or based on previously unavailable evidence. *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](link), 271 (1980) (the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Similarly, the proffered evidence related to OPM's 2014 termination of the appellant's survivor annuity is not material to the dismissal of that claim for lack of jurisdiction. *See id.*

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.